UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA  :
:
versus  :  CRIMINAL NO. 15-119-BAJ-SCR
:
MATTHEW CHANEY WALKER  :

## PLEA AGREEMENT

The United States Attorney's Office for the Middle District of Louisiana ("the United States") and Matthew Chaney Walker ("the defendant") hereby enter into the following plea agreement pursuant to Fed. R. Crim. P. 11(c).

### A. THE DEFENDANT'S OBLIGATIONS

#### 1. Guilty Pleas

The defendant agrees to enter pleas of guilty to Counts One, Four, Six, and Ten of an Indictment charging him with extortion in violation of 18 U.S.C. § 875(d); Counts Two, Seven, and Eight charging him with production of child pornography in violation of 18 U.S.C. §§ 2251(a) and 2; and Counts Three, Five, and Nine charging him with receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2).

#### 2. Sex Offender Registry Requirements

The defendant understands that by pleading guilty to production and receipt of child pornography, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The defendant also understands that independent of supervised release, he will be subject to federal and state sex

offender registration requirements, and that those requirements may apply throughout his life. The defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. The defendant shall comply with requirements to periodically verify in person his sex offender registration information. The defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If he resides in Louisiana following release from prison, he will be subject to the registration requirements of the State of Louisiana. The defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

As a condition of supervised release, the defendant shall initially register with the state sex offender registration in Louisiana, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update his registration information. The defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

3.   **Financial Information**

The defendant agrees to fully and truthfully complete the financial statement provided to him by the United States and to return the financial statement to the United States within ten days of this agreement being filed with the Court. Further, the defendant agrees to

provide the United States with any information or documentation in his possession regarding his financial affairs and to submit to a debtor's examination upon request. Any financial information provided by the defendant may be used by the United States to collect any financial obligations imposed in this prosecution and may be considered by the Court in imposing sentence.

4. **Cooperation**

The defendant hereby waives the Fifth Amendment privilege against self-incrimination and agrees to cooperate with the United States by providing complete and truthful information whenever, wherever, to whomever, and in whatever form an attorney for the United States or federal law enforcement agent requests, including by providing oral answers to questions, written statements, answers to interrogatories, testimony in court, testimony before a grand jury, and documents and other items.

The United States is not obligated to receive, agree to, or act upon information or other cooperation which the defendant may wish to provide.

Except as otherwise provided herein or in USSG § 1B1.8(b), no truthful testimony or statements by the defendant or act of producing documents or items by the defendant pursuant to this agreement, or any evidence or information derived therefrom, will be used against the defendant in the United States' case-in-chief in a criminal trial or in sentencing the defendant in this case, except to advise the Court of the extent and value of the defendant's cooperation or to support a motion under USSG § 5K1.1 or Fed. R. Crim. P. 35. The United States may use all statements made by the defendant and the defendant's act of producing documents or items, and any evidence or information derived therefrom, in any

other manner, including as follows: in rebuttal at any criminal trial, to cross examine the defendant in any trial or proceeding, in forfeiture proceedings, evidentiary hearings, or civil or administrative hearings, and in its case-in-chief in any prosecution for perjury, making false statements or declarations, or obstruction of justice committed on or after the effective date of this agreement.

B. **UNITED STATES' OBLIGATIONS**

1. **Non-prosecution/Dismissal of Charges**

The United States agrees that, if the Court accepts the defendant's guilty pleas, it will move to dismiss Count Eleven of the Indictment after sentencing, and it will not prosecute the defendant for any offense related to the offenses charged in the Indictment.

2. **Motion for Third Point for Acceptance of Responsibility**

The United States acknowledges that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of his intention to enter pleas of guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources efficiently. The United States therefore agrees that, if the Court finds that the defendant qualifies for a two-level decrease in offense level for acceptance of responsibility under USSG § 3E1.1(a) and, prior to the operation of USSG § 3E1.1(a), the defendant's offense level is 16 or greater, the United States will move the Court pursuant to USSG § 3E1.1(b) to decrease the defendant's offense level by one additional level. The United States reserves the right to object to a decrease in offense level for acceptance of responsibility based on information received by the United States after the effective date of this agreement,

including information that the defendant failed to timely submit the financial statement required by Section A(2) of this agreement.

3. **Advising Court of Cooperation**

The United States agrees to inform the Court at or before sentencing of the extent and value of any cooperation by the defendant pursuant to this agreement, regardless of whether such cooperation constitutes "substantial assistance" within the meaning of USSG § 5K1.1. The evaluation of whether and to what extent the defendant has cooperated with the United States, and the value of any cooperation, shall be solely within the discretion of the United States. The United States is not obligated to file any motion with the Court based on the defendant's cooperation, including any motion under USSG § 5K1.1 or Fed. R. Crim. P. 35. If a motion is filed, the Court, in its sole discretion, may or may not grant a departure from the United States Sentencing Guidelines or reduce the sentence after its imposition.

C. **SENTENCING**

1. **Maximum and Minimum Statutory Penalties**

The maximum possible penalty on Counts One, Four, Six, and Ten is a term of imprisonment of two (2) years, a fine of up to $250,000, and a term of supervised release of one (1) year, per count.

The maximum possible penalty on Counts Two, Seven, and Eight is a term of imprisonment of thirty (30) years, a fine of up to $250,000, and supervised release of at least five (5) years and up to life, per count. There is a mandatory minimum penalty on Counts Two, Seven, and Eight of fifteen (15) years imprisonment.

The maximum possible penalty on Counts Three, Five, and Nine is a term of imprisonment of twenty (20) years, a fine of up to $250,000, and supervised release of at least five (5) years and up to life, per count. There is a mandatory minimum penalty on Counts Three, Five, and Nine of five (5) years imprisonment.

In addition to the above, the Court must impose a special assessment of $100 per count which is due at the time of sentencing. Furthermore, unless the Court determines that the defendant is indigent, the defendant must pay an additional mandatory special assessment of $5,000 per count for his convictions on Counts Two, Three, Five, Seven, Eight, and Nine. The Court may also order restitution.

2.  **Supervised Release**

Supervised release is a period following release from imprisonment during which the defendant's conduct is monitored by the Court and the United States Probation Office and during which the defendant must comply with certain conditions. Supervised release is imposed in addition to a sentence of imprisonment, and a violation of the conditions of supervised release can subject the defendant to a term of imprisonment, without credit for any time already served on the term of supervised release. If a violation of supervised release involves the defendant's commission of any felony criminal offense under chapter 109A, 110, or 117, or section 1201 or 1591 of Title 18, United States Code, the defendant is subject to a term of imprisonment of at least five (5) years and up to life. For any other violations of supervised release, the defendant is subject to a term of imprisonment of up to three (3) years.

3.  **Sentencing Guidelines**

The Court will determine in its sole discretion what the defendant's sentence will be. While the Court must consider the United States Sentencing Guidelines in imposing sentence, the Sentencing Guidelines are not binding on the Court. The Court could impose any sentence from the minimum possible penalty up to the maximum possible penalty as set out above despite any lesser or greater sentencing range provided for by the Sentencing Guidelines.

4.  **No Agreement Regarding Sentencing**

Except as set forth in this agreement, the United States makes no promises, representations, or agreements regarding sentencing. In particular, the United States reserves the right to present any evidence and information, and to make any argument, to the Court and the United States Probation Office regarding sentencing.

5.  **Forfeiture**

The defendant understands and agrees that the Court will order the defendant to forfeit any and all matter which contains visual depictions of minors engaged in sexually explicit conduct in violation of Title 18, United States Code, Section 2252A, any and all property, real and personal, constituting or traceable to gross profits or other proceeds obtained from the offenses and all property, real and personal, used or intended to be used to commit or to promote the commission of such offenses or any property traceable to such property. Such forfeiture will include the defendant's interests in the specific assets set forth in the forfeiture allegation, namely, (1) Apple iPhone 6, IMEI 354405060733014; (2) Apple

iPad 2, serial number DYVJW815DFHW; and (3) Apple MacBook Pro, serial number W8049005ATP.

The defendant understands that forfeiture of his property will not be treated as satisfaction of any fine, restitution, cost of imprisonment, or other penalty which may be imposed upon him as part of his sentence. The defendant further understands that, separate and apart from his sentence in this case, the United States may also institute civil or administrative forfeiture proceedings of any property, real or personal, which is subject to forfeiture. The defendant agrees to waive his interest in the property identified in the Notice of Forfeiture in the Indictment in any such civil or administrative forfeiture proceeding.

The defendant agrees to fully and truthfully disclose the existence, nature, and location of all assets and to fully and completely assist the United States in the recovery and forfeiture of all forfeitable assets, including taking all steps as requested by the United States to pass clear title to forfeitable assets to the United States. The defendant agrees to hold the United States, its agents, and its employees harmless from any claims whatsoever in connection with the seizure or forfeiture of property pursuant to the Court's forfeiture orders.

The defendant hereby waives the following: (1) all statutory and constitutional defenses to the forfeiture, including any claim that the forfeiture constitutes an excessive fine or punishment; (2) any failure by the Court to ensure at sentencing that the defendant is aware of the forfeiture or to incorporate the forfeiture in the judgment as required by Fed. R. Crim. P. 32.2(b)(4)(B); and (3) any failure by the Court to inform the defendant of, and determine that the defendant understands, the applicable forfeiture prior to accepting the defendant's pleas.

D.     **FACTUAL BASIS**

The United States and the defendant stipulate to the following facts:

Beginning in or about 2014, in the Middle District of Louisiana and elsewhere, the defendant used computers, internet-enabled mobile devices, and interactive computer services to communicate with young girls (hereinafter referred to as the "Child Victims") located across the United States and abroad. His purpose was to obtain digital videos and still images of the Child Victims in various states of undress and engaging in sexually explicit conduct.

To accomplish his purpose, the defendant frequented social networking websites popular with children in order to meet them online. The anonymous nature of the online relationship allowed the defendant to misrepresent his name, age, gender, and interests. In order to lure his victims, the defendant pretended to be an adolescent female and used a series of different online screen names. After determining that the Child Victims were in his target group of girls, the defendant initiated chats with the Child Victims through Kik Messenger, an application for mobile devices that allowed users to transmit and receive instant messages.

During the course of their communications, the defendant broached the topic of trading pictures, including nude and sexually-explicit photographs. Each Child Victim had reservations about sending nude and sexually-explicit images to the defendant. The defendant overcame the Child Victims' reservations by flirting and flattery designed to make them feel attractive and more confident about their bodies. Additionally, in order to lower the Child Victims' inhibitions, the defendant injected sexual subject matters into their interactions, either by initiating sexually explicit conversations, or by sending sexually suggestive photographs of other young girls that he represented to be of himself. At the defendant's urging, the Child Victims took, and sent to the defendant, sexually suggestive and/or sexually explicit photographs of themselves.

After having obtained compromising pictures of the Child Victims, the defendant then demanded that the Child Victims continue sending him images and/or demanded that the Child Victims send him images even more graphic than those they had already sent to him. The defendant threatened to injure the Child Victims' reputations by sending compromising images of the Child Victims to their schools, friends, families, or the public should they fail to comply with his demands.

At times, the defendant created online group chats with others, both known and unknown, with whom he shared a mutual interest in the sexual exploitation of children. During these online group chats, the defendant and others engaged in a pattern of extortion to obtain child pornography of the Child Victims.

Child Victims A, B, C, and D were four of the children exploited by the defendant in the manner described above. Child Victim A was a 12-year-old girl located in Ontario, Canada; Child Victim B was a 13-year-old girl from Tennessee; Child Victim C was an 11-year-old girl in Illinois; and Child Victim D was an 11-year-old-girl from Michigan. The defendant's victimization of these children is described in detail in the Indictment and is summarized below.

On the dates set out in Counts Two, Seven, and Eight of the Indictment, the defendant persuaded, induced, enticed and coerced Child Victims B, C, and D to take photographs and/or videos of themselves engaged in sexually explicit conduct and to send the photographs and videos to him. The videos and photographs were produced using materials that were transported in interstate and foreign commerce and, moreover, each sexually explicit image was transported using a means and facility of interstate commerce.

On the dates set out in Counts Three, Five, and Nine of the Indictment, the defendant knowingly received child pornography from Child Victims B, C, and D. Each child pornography image was produced using materials that were transported in interstate commerce and, moreover, each sexually explicit image was transported using a means and facility of interstate commerce.

On the dates set out in Counts One, Four, Six, and Ten of the Indictment, in an effort to extort nude and sexually explicit images of Child Victims A, B, C, and D, the defendant used the internet to transmit threats to the victims to injure their reputations by disclosing to others the compromising images he had obtained from the victims. The threats are described and, in some instances, quoted in the Indictment.

The defendant admits that, to the best of his knowledge and belief, the stipulated statement of facts is true and correct in all respects. The United States and the defendant agree that, had this matter gone to trial, the United States could have proved such facts. The United States and the defendant further agree that such facts are sufficient to support conviction of the offenses to which the defendant has agreed to plead guilty. The defendant understands that,

by the terms of USSG § 6B1.4, the Court is not limited by the stipulated facts for purposes of sentencing. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation and any other relevant information.

E. **BREACH AND ITS CONSEQUENCES**

1. **Conduct Constituting Breach**

Any of the following actions by the defendant constitutes a material breach of this agreement:

   a. failing to plead guilty to Counts One, Two, Three, Four, Five, Six, Seven, Eight, Nine, and Ten of the Indictment at re-arraignment;

   b. representing, directly or through counsel, to the United States or the Court that he will not plead guilty to Counts One, Two, Three, Four, Five, Six, Seven, Eight, Nine, and Ten of the Indictment;

   c. moving to withdraw any of his guilty pleas;

   d. filing an appeal or instituting other post-conviction proceedings not authorized in Section F(2);

   e. disputing or denying guilt of the offenses to which the defendant has agreed to plead guilty or denying or disputing any fact contained in the stipulated factual basis;

   f. concealing or disposing of assets with the specific intent of shielding such assets from forfeiture;

   g. refusing to provide information or testimony;

   h. providing false, misleading, or incomplete information or testimony, including financial information and testimony provided pursuant to Section A(2), to the United States; or

   i. violating the terms of this agreement in any other manner.

2. **Consequences of Breach**

In the event of a breach by the defendant, the United States is relieved of its obligations under the agreement. In particular, the United States may prosecute the defendant for any criminal offense. In addition, any statements and information provided by the defendant pursuant to this agreement or otherwise, and any information and evidence derived therefrom, may be used against the defendant in this or any other prosecution or proceeding without limitation. Such statements and information include, but are not limited to, the plea agreement itself (including the factual basis contained in Section D), statements made to law enforcement agents or prosecutors, testimony before a grand jury or other tribunal, statements made pursuant to a proffer agreement, statements made in the course of any proceedings under Rule 11, Fed. R. Crim. P. (including the defendant's entry of the guilty pleas), and statements made in the course of plea discussions. The defendant expressly and voluntarily waives the protection afforded by Fed. R. Evid. 410 as to any statements made by him personally (but not as to statements made by his counsel). The defendant is not entitled to withdraw his guilty pleas.

3. **Procedure for Establishing Breach**

The United States will provide written notice to the defendant or his attorney if it intends to be relieved of its obligations under the agreement as a result of a breach by the defendant. After providing such notice, the United States may institute or proceed with any charges against the defendant prior to any judicial determination regarding breach. However, the United States will obtain a judicial determination regarding breach prior to using statements and information provided by the defendant or any act of producing documents or

items by the defendant pursuant to this agreement, or any evidence or information derived therefrom, in its case-in-chief in a criminal trial or in sentencing the defendant in this case. The standard of proof in any proceeding to determine whether the plea agreement has been breached is preponderance of the evidence. To prove a breach, the United States may use (1) any and all statements of the defendant, (2) any and all statements of his counsel to the Court (including the United States Probation Office), and (3) any representation by defense counsel to the United States that the defendant will not plead guilty.

F. **WAIVERS BY THE DEFENDANT**

1. **Waiver of Trial Rights**

By pleading guilty, the defendant waives the right to plead not guilty or to persist in a not guilty plea and waives the right to a jury trial. At a trial, the defendant would have the trial rights to be represented by counsel, to confront and examine adverse witnesses, to be protected against compelled self-incrimination, to testify and present evidence, to compel the attendance of witnesses, and to have the jury instructed that the defendant is presumed innocent and the burden is on the United States to prove the defendant's guilt beyond a reasonable doubt. By waiving his right to a trial and pleading guilty, the defendant is waiving these trial rights.

2. **Waiver of Appeal and Collateral Remedies**

Except as otherwise provided in this section, the defendant hereby expressly waives the right to appeal his conviction and sentence, including any appeal right conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and to challenge the conviction and sentence in any post-conviction proceeding, including a proceeding under 28 U.S.C. § 2241, 28 U.S.C. §

2255, or 18 U.S.C. § 3582(c)(2). This waiver applies to any challenge on appeal or in any post-conviction proceeding to any aspect of the defendant's sentence, including imprisonment, fine, special assessment, restitution, forfeiture or the length and conditions of supervised release or probation. The defendant, however, reserves the right to appeal the following: (a) any sentence which is in excess of the statutory maximum; (b) any sentence which is an upward departure pursuant to the Sentencing Guidelines; and (c) any non-Guidelines sentence or "variance" which is above the guidelines range calculated by the Court. Notwithstanding this waiver of appeal and collateral remedies, the defendant may bring any claim of ineffectiveness of counsel.

3.  **Waiver of Statute of Limitations**

The defendant hereby waives all defenses based on the applicable statutes of limitation as to all offenses charged in the Indictment and all offenses that the United States has agreed not to prosecute, as long as such offenses are not time-barred on the effective date of this agreement. The defendant likewise waives any common law, equitable, or constitutional claim of pre-indictment delay as to such offenses, as long as such offenses are not time-barred on the effective date of this agreement. The waivers contained in this paragraph will expire one year after the date of any of the following: (1) a judicial finding that defendant has breached the plea agreement; (2) the withdrawal of any plea entered pursuant to this plea agreement; or (3) the vacating of any conviction resulting from a guilty plea pursuant to this plea agreement.

4. **Waiver of Speedy Trial Rights**

The defendant hereby waives any common law, equitable, or constitutional claim regarding post-indictment delay as to all offenses charged in the Indictment. The waiver contained in this paragraph will expire one year after the date of any of the following: (1) a judicial finding that defendant has breached the plea agreement; (2) the withdrawal of any plea entered pursuant to this plea agreement; or (3) the vacating of any conviction resulting from a guilty plea pursuant to this plea agreement.

G. **EFFECT OF AGREEMENT**

1. **Effective Date**

This agreement is not binding on any party until signed by the defendant, defendant's counsel, and an attorney for the United States. Once signed by the defendant, his counsel, and an attorney for the United States, the agreement is binding on the defendant and the United States.

2. **Effect on Other Agreements**

This agreement supersedes any prior agreements, promises, or understandings between the parties, written or oral, including any proffer agreement.

3. **Effect on Other Authorities**

The agreement does not bind any federal, state, or local prosecuting authority other than the United States Attorney's Office for the Middle District of Louisiana.

4. **Effect of Rejection by Court**

Pursuant to Fed. R. Crim. P. 11, the Court may accept or reject this plea agreement. If the Court rejects the plea agreement, the plea agreement is no longer binding on the parties

and is not binding on the Court. If the Court rejects the plea agreement, the defendant will be given the opportunity to withdraw his pleas and such withdrawal will not constitute a breach of the agreement. If the defendant does not withdraw his pleas following rejection of the plea agreement, the disposition of the case may be less favorable to the defendant than contemplated by the plea agreement.

## H. REPRESENTATIONS AND SIGNATURES

### 1. By The Defendant

I, Matthew Chaney Walker, have read this plea agreement and have discussed it with my attorney. I fully understand the agreement and enter into it knowingly, voluntarily, and without reservation. I have not been threatened, intimidated, pressured, or coerced in any manner. I am not under the influence of any substance or circumstance that could impede my ability to understand the agreement and its consequences.

I affirm that absolutely no promises, agreements, understandings, or conditions have been made, agreed to, or imposed by the United States in connection with my decision to plead guilty except those set forth in this agreement.

I acknowledge that no promises or assurances have been made to me by anyone as to what my sentence will be. I understand that representations by my attorney (or anyone else) regarding application of the Sentencing Guidelines and/or my possible sentence are merely estimates and are not binding on the Court.

I have read the Indictment and have discussed it with my attorney. I fully understand the nature of the charges.

I have accepted this plea agreement and agreed to plead guilty because I am in fact guilty of Counts One, Two, Three, Four, Five, Six, Seven, Eight, Nine, and Ten of the Indictment.

I am satisfied with the legal services provided by my attorney and have no objection to the legal representation I have received.

_____          DATE: 12-22-15
Matthew Chaney Walker
Defendant

2. **By Defense Counsel**

I have read this plea agreement and have discussed it with my client, Matthew Chaney Walker, who is the defendant in this matter. I am satisfied that the defendant understands the agreement and is entering into it knowingly and voluntarily. The agreement accurately and completely sets forth the entire agreement between the defendant and the United States.

_____          DATE: 12/22/15
Thomas C. Damico
Counsel for Defendant

3.  **By the United States**

We accept and agree to this plea agreement on behalf of the United States. The agreement accurately and completely sets forth the entire agreement between the defendant and the United States.

_____       DATE: 09Nov2015
J. Walter Green
United States Attorney
Middle District of Louisiana

_____       DATE: Nov. 12, 2015
Cam T. Le
Assistant United States Attorney
Middle District of Louisiana